## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS W. LINDERMAN<br>and<br>ROBIN D. LINDERMAN, H/W<br><br>Plaintiffs,<br><br>v.<br><br>TY M. HITMAN<br>and<br>CENTRAL OREGON TRUCK<br>COMPANY, INC. D/B/A CENTRAL<br>OREGON TRUCKING CO.<br><br>Defendants. | Civil Action No: |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Ty M. Hitman and

Central Oregon Truck Company, Inc. d/b/a Central Oregon Trucking Co. ("Removing

Defendants"), by and through counsel, give Notice of Removal of this action from the

Common Pleas Court of Berks County, Pennsylvania to the United States District Court

for the Eastern District of Pennsylvania, and in support thereof, states as follows:

### REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446

1.      This action was initially commenced by Plaintiffs, Dennis W. Linderman

and Robin D. Linderman ("Plaintiffs"), filed in the Berks Court of Common Pleas on

September 11, 2017 and docketed in the matter entitled *Linderman, Dennis W v. Hitman,*

*Ty M*, No. 17-14369. A true and correct copy of Plaintiff's Complaint is annexed hereto

as **Exhibit "A."**

2.      This Notice of Removal is being filed within 30 days after receipt by

Removing Defendants of a copy of a paper from which it may be ascertained that this

case is one which has become removable in accordance with U.S.C. § 1446(b)(3). *See Erekson v. Ashford Philadelphia Annex, LLC*, No. 12-5815, 2013 U.S. Dist. LEXIS 57745 (E.D. Pa. Apr. 23, 2013).

3.      Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Removing Defendants will file a Notice of Filing of Notice of Removal in the State Court Action pending in the Common Pleas Court of Berks County, Pennsylvania and will provide written notice to Plaintiffs. A true and correct copy of the Removing Defendants' Notice of Filing of Notice of Removal is annexed hereto as **Exhibit "B."**

## DIVERSITY OF CITIZENSHIP EXISTS UNDER 28 U.S.C. § 1332

4.      Plaintiffs are citizens of the State of Pennsylvania with an address of 3379 Bellemans Church Road, Mohrsville, Berks County, Pennsylvania 19541. *See* Complaint at ¶1.

5.      Removing Defendant, Central Oregon Truck Company, Inc. d/b/a Central Oregon Trucking Co. is a limited liability corporation organized and existing under the laws of the State of Oregon with a principal place of business located at 394 Northeast Hemlock Avenue, Redmond, Oregon 97756. *See Id.* at ¶4.

6.      Removing Defendant, Ty M. Hitman, is an adult citizen and resident of the State of Michigan residing at 1561 Lamb Road, Interlochen, Michigan 46643-9628. *See Id.* at ¶3.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

7.      Plaintiff's Complaint seeks damages in excess of Fifty Thousand Dollars ($50,000). *See ad damnum* in Complaint.

8.     Plaintiffs allege to have suffered severe and permanent injuries resulting in medical expenses and liens which are likely to exceed $75,000.

9.     Plaintiffs have provided Removing Defendants with an economic/vocational report from Michael J. Smychynsky Consulting, LLC. A true and correct copy of the Mr. Smychynsky's August 15, 2017 report is annexed hereto as **Exhibit "C."**

10.    Mr. Smychynsky's report projects an economic loss of $493,920. *See Id.* at pg. 6.

11.    As such, the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, required by 28 U.S.C. § 1332(a).

## DIVERSITY JURISDICTION IS SATISFIED

12.    Based upon the above, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Plaintiffs' Complaint presents a case where the amount in controversy is alleged to exceed $75,000 and the controversy exists between citizens of different states.

13.    Removing Defendants will promptly file a copy of this Notice with the Clerk of the Court of Common Pleas in Berks County, Pennsylvania in the State Court Action as required by 28 U.S.C. § 1446(d) and provide written notice to Plaintiffs.

14.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

By:    _____

    Zachary J. Ballard, Esquire
    David J. Jones, Esquire
    **SALMON, RICCHEZZA, SINGER & TURCHI LLP**
    1601 Market Street – Suite 2500
    Philadelphia, PA 19103
    zballard@srstlaw.com / djones@srstlaw.com
    *Attorneys for Defendants, Ty M. Hitman and*
    *Central Oregon Truck Company, Inc. d/b/a Central*
    *Oregon Trucking Co.*

Dated:  September 15, 2017

## CERTIFICATE OF SERVICE

I, David J. Jones, Esquire, Attorney for Defendants, Ty M. Hitman and Central Oregon Truck Company, Inc. d/b/a Central Oregon Trucking Co., hereby certifies that I served a true copy of the foregoing Notice of Removal on the foregoing counsel by electronic filing and U.S. Mail, postage pre-paid:

Peter F. Schuchman, Jr., Esquire
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA 19610
pschuchman@kozloffstoudt.com
*Counsel for Plaintiffs*

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP

By: _____
Zachary J. Ballard, Esquire
David J. Jones, Esquire
1601 Market Street – Suite 2500
Philadelphia, PA 19103
zballard@srstlaw.com
djones@srstlaw.com
*Attorneys for Defendants, Ty M. Hitman and
Central Oregon Truck Company, Inc. d/b/a Central
Oregon Trucking Co.*

Dated: September 15, 2017

# EXHIBIT A

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

Peter F. Schuchman, Jr., Esquire
Attorney ID# 69343
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA 19610
(610) 670-2591                                        Attorney for Plaintiffs

| | |
|---|---|
| DENNIS W. LINDERMAN AND | : IN THE COURT OF COMMON PLEAS |
| ROBIN D. LINDERMAN, Husband and | : OF BERKS COUNTY, PENNSYLVANIA |
| Wife, | : CIVIL ACTION – LAW |
| Plaintiffs | : |
| v. | : NO. 17-14369 |
| TY M. HITMAN and CENTRAL | : |
| OREGON TRUCK COMPANY, INC., | : |
| d/b/a CENTRAL OREGON TRUCKING | : |
| CO., | : |
| Defendants | : ASSIGNED TO: JAMES M. LILLIS, J. |

## COMPLAINT

### NOTICE TO DEFEND

TO:   TY M. HITMAN
      CENTRAL OREGON TRUCK COMPANY, INC., d/b/a CENTRAL OREGON
      TRUCKING CO.

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or any other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Berks County Bar Association
544 Court Street
P.O. Box 1058
Reading, PA 19603
Telephone: (610) 375-4591

## AVISO

Le han demandado a usted en el tribunal.  Si usted quiere defenderse de las demandas expuestas en las paginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objectiones a las demandas en contra de su persona.  Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**Usted debe llevarle esta demanda su abo gado inmediatamente.  Si no tiene abogado o si no tiene el dinero suficiente para pagar tal servicio, vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.**

Servicio de Recomendación para Contratar Abogados
Colegio de Abogados del Condado Berks
544 Court Street
P. O. Box 1058
Reading, PA  19603
(610) 375-4591

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

1.      The amount in controversy exceeds the jurisdictional limitation for submission to compulsory arbitration set forth in the Berks County Rules of Court.

2.      The Plaintiffs are Dennis W. Linderman ("Dennis") and Robin D. Linderman ("Robin"), husband and wife and adult individuals who reside at 3379 Bellemans Church Road, Mohrsville, Berks County, Pennsylvania, 19541.

3.      The Defendant is Ty M. Hitman (hereinafter "Hitman") an adult individual having an address at 1561 Lamb Road, Interlochen, Michigan, 49643-9628.

4.      The Defendant is Central Oregon Truck Company, Inc., d/b/a Central Oregon Trucking Co. (hereinafter "Central"), a sole proprietorship, limited liability company, corporation, or other entity believed to be organized and doing business under the laws of the State of Oregon, and having an address and principal place of business located at 394 Northeast Hemlock Avenue, Redmond, Oregon, 97756.

5.      At all times relevant and material hereto, Hitman was operating a 2016 Kenworth Tractor (VIN 1XKYDP9X5GJ499175) which towed a semi-trailer (Tag Number HU96519) northbound on Route 61 at its intersection with Bellemans Church Road, Ontelaunee Township, Berks County, Pennsylvania.

6.      The Kenworth Tractor and semi-trailer are hereafter referred to as the "Tractor Trailer."

7.      At all times relevant and material hereto, Central owned, leased, possessed or otherwise controlled the Tractor Trailer, and Hitman was operating the Tractor Trailer, as Central's authorized agent, servant, workman, or employee in

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

furtherance of Central's business interests and within the course and scope of his agency or employment.

8.    On September 16, 2015, at or about 2:00 p.m., prevailing time, Dennis was lawfully operating his 2008 Toyota FJ Cruiser, stopped westbound on Bellemans Church Road at the traffic signal controlling access to Route 61, Ontelaunee Township, Berks County, Pennsylvania.

9.    At the same time and place, the traffic signal controlling Dennis's direction of travel changed to green and Dennis thereafter lawfully proceeded into the intersection.

10.    At the same time and place, Hitman was traveling on Route 61 at its intersection with Bellemans Church Road and, in spite of his direction of travel being controlled by a steady red signal, proceeded into the intersection striking Dennis's vehicle on the driver's side, spinning Dennis's vehicle, which became airborne, causing Dennis's vehicle to land on a guardrail (hereinafter "Collision").

11.    The force of impact caused Dennis to become entrapped in his vehicle for an extended period of time until he was freed by rescue personnel.

12.    As a direct and proximate result of the aforesaid Collision and the negligence, carelessness, and recklessness of Defendants in causing the same, Dennis has suffered numerous severe and disabling injuries, including to date, but not necessarily limited to, the following:

      a.    Chest wall contusion, ascending aortic aneurysm, subcutaneous emphysema, dilated thoracic aorta, probable rib fractures;

4

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

b.    Cervical strain and sprain secondary to MVA superimposed on pre-existing multiple cervical spine surgeries, left paracentral herniation at C7-T1, significant multilevel spondylosis with spondylitic ridging at multiple levels, cervical radiculopathy and cervicalgia;

c.    Abdominal pain;

d.    Bilateral shoulder pain;

e.    Lumbar spondylosis, left paracentral disc herniation at L5-S1, central canal stenosis at L2-3, L3-4, and L4-5, lumbar radiculopathy, intervertebral disc prolapse, sacroiliac disorder, thoracic, thoracolumbar, and lumbosacral intervertebral disc disorder, significant facet disease with facet joint infusions and ligamentum flavum hypertrophy; back pain.

f.    Left knee pain;

g.    Bilateral lower extremity pain;

h.    Bilateral hip pain;

i.    Bilateral upper extremity radiculopathy, parathesias, and weakness, bilateral carpal tunnel syndrome;

j.    Right ulnar neuropathy and atrophy of right hand muscles;

k.    Significant sleep disturbance

for which he received medical care in an effort to relieve the pain, emotional upset, severe shock to his nervous system and numerous other injuries, all of which have rendered him sick, sore, lame and disordered, by reason of which he has suffered and may continue to suffer great physical pain and mental anguish for an indefinite period of time into the future.

13.    As a further direct and proximate result of the Collision and the negligence, carelessness and recklessness of Defendants in causing the same, Dennis

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

was obliged to accumulate to date and may be required to accumulate in the future, reasonable and necessary medical expenses for payment of physicians' fees, hospital bills, therapeutic treatments, rehabilitation, medications, and various other expenses for treatment of the injuries which he has suffered as a result of this Collision.

14.     As a further direct and proximate result of the aforesaid Collision and the negligence, carelessness and recklessness of Defendants in causing the same, Dennis has suffered and may in the future continue to suffer great physical pain, mental suffering, loss of good health and well being, loss of ability to enjoy life and life's pleasures, physical impairment and disability, disfigurement, inconvenience and emotional distress, some or all of which are or may be permanent in nature and effect.

15.     As a further direct and proximate result of the aforesaid Collision and the negligence, carelessness and recklessness of Defendants in causing the same, Dennis has suffered past lost earnings and may in the future suffer lost earnings and/or earning capacity.

16.     As a further direct and proximate result of the aforesaid Collision and the negligence, carelessness and recklessness of Defendants in causing the same, Dennis was unable to follow his usual social and recreational activities, and may be unable to follow such usual social and recreational activities for an undetermined period of time into the future.

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

**COUNT I**
**Dennis W. Linderman v. Ty M. Hitman**
Negligence

17.    Plaintiff Dennis W. Linderman incorporates by reference herein the averments contained in Paragraphs 1 through 16 of this document as though the same were set forth verbatim.

18.    The aforesaid Collision and the injuries and damages sustained by Dennis as a result thereof, were solely the direct and proximate result of the negligence, negligence per se, carelessness and/or recklessness of Defendants which consisted of, among other things, the following:

    a.    Operating the Tractor Trailer without regard for the rights and/or safety of others, including Plaintiff Dennis W. Linderman;

    b.    Running a red light in violation of *75 Pa.C.S.A. §3112;*

    c.    Failing to have the Tractor Trailer under control;

    d.    Operating the Tractor Trailer without knowledge of the limited braking power of a vehicle of that size while traveling at speeds too great for the conditions then and there existing;

    e.    Driving the Tractor Trailer without regard for prevailing traffic conditions;

    f.    Operating the Tractor Trailer at an excessive rate of speed for the traffic conditions then and there existing;

    g.    Failing to maintain a proper lookout;

    h.    Being inattentive;

    i.    Failing to yield the right-of-way to Plaintiff Dennis W. Linderman in violation of *75 Pa.C.S.A. §3322;*

7

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

j.   Operating the Tractor Trailer at a speed greater than necessary to bring it to a stop with the assured clear distance ahead in violation of *75 Pa. C.S.A. §3361*;

k.   Operating the Tractor Trailer in violation of *75 Pa.C.S. §3736*;

l.   Causing and/or permitting the Tractor Trailer to strike Plaintiff Dennis W. Linderman's vehicle which was then and there in his full view;

m.   Violating provisions of the Vehicle Code of the Commonwealth of Pennsylvania pertaining to the operation, inspection and maintenance of motor vehicles and/or Tractor Trailers;

n.   Violating the regulations established by the Federal Motor Carrier Safety Regulations ("FMCSR") pertaining to the hours of service, operation, inspection, and maintenance of Tractor Trailers;

o.   Violating the Code of Federal Regulations ("CFR") pertaining to hours of service, operation, inspection, and maintenance of Tractor Trailers;

p.   Driving the Tractor Trailer too fast for conditions;

q.   Driving the Tractor Trailer while distracted;

r.   Operating the Tractor Trailer while utilizing a handheld device by talking, texting or accessing or sending data.

s.   Failing to take proper evasive action to avoid contact between the Tractor Trailer and other vehicles upon the roadway, including Plaintiff Dennis W. Linderman's vehicle;

t.   Driving the Tractor Trailer with reckless disregard for the substantial likelihood that his conduct would cause severe and disabling injuries to others lawfully upon the roadway, including Plaintiff Dennis W. Linderman; and

u.   Being otherwise careless, negligent, reckless or wanton as further discovery or investigation may reveal.

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

WHEREFORE, Plaintiff Dennis W. Linderman demands judgment in his favor and against Defendant Ty M. Hitman in an amount in excess of $50,000.00, plus punitive damages, delay damages, costs of suit and such further and other relief as may be recoverable under applicable law.

COUNT II
Allegations of Negligent Hiring/Supervision Against
Central Oregon Truck Company, Inc., d/b/a Central Oregon Trucking Co.

19.    Plaintiff Dennis W. Linderman incorporates by reference herein the averments contained in Paragraphs 1 through 18 of this document as though the same were set forth verbatim.

20.    Upon information and belief, at all times relevant and material hereto, Hitman was under the supervision the Driver Services Supervisor and/or Transportation Planner or other Supervisor for Central who held, at all times relevant and material hereto, the power to report upon, discipline, train, retrain, supervise, suspend, and/or fire Hitman on behalf of Central.

21.    The Collision and the resulting damages claimed herein, were directly and proximately caused by the negligence, negligence per se, carelessness, recklessness, wanton or willful misconduct of Central, which consisted of, among other things, the following:

  a.    Hiring, retaining, and/or contracting with Hitman to operate the Tractor Trailer when Central knew or should have known that Hitman had, on previous occasion(s), caused accidents while operating a vehicle similar to the Tractor Trailer;

  b.    Failing to properly and thoroughly conduct a background investigation of Hitman;

9

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

c.   Violating the regulations established by   the Federal Motor Carrier Safety Administration pertaining to the employment and qualification of operators of Tractor Trailers like the one involved in this action;

d.   Violating provisions of the Vehicle Code of the Commonwealth of Pennsylvania pertaining to the employment and qualification of operators of Tractor Trailers like the one involved in this   action;

e.   Permitting, causing, or allowing Hitman to operate the Tractor Trailer in violation of hours and service regulations. 49 CFR  395.3;

f.   Permitting, causing, or allowing Hitman to operate the Tractor Trailer when he was too tired to do so safely in violation of 49 CFR 392.3;

g.   Permitting, causing, or allowing Hitman to fail to properly record his duty status in violation of 49 CFR 395.8;

h.   Permitting, causing, or allowing Hitman to fail to properly inspect the Tractor Trailer in violation of Federal Motor Carrier Safety Regulation.  49 CFR 396.13;

i.   Permitting, causing, or allowing Hitman to fail to properly report the results of the pre-trip inspection in violation of 49 CFR 396.11;

j.   Failing to supervise Hitman as he was violating the above regulations;

k.   Continuing to employ Hitman despite knowledge that Hitman was an unsafe driver;

l.   Failing to have effective procedures in place to monitor Hitman's hours of service, despite knowledge that hours of service regulations are in place to protect the public from harm;

m.   Providing Hitman with a  work schedule which required him to operate the Tractor Trailer in excess of the speed prescribed by the rules of the road in violation of 49 CFR 392.6;

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

n.    Providing Hitman with a work schedule which required him to operate the Tractor Trailer while fatigued and impaired from operating it safely;

o.    Failing to adequately supervise Hitman's actions, including failing to ensure that he knew of and/or would comply with Pennsylvania and/or Federal regulations concerning the safe operation and maintenance of the Tractor Trailer;

p.    Bring otherwise careless, negligent, reckless or wanton as may be revealed in further discovery and investigation.

WHEREFORE, Plaintiff Dennis W. Linderman demands judgment in his favor and against Defendant Central Oregon Truck Company, Inc., d/b/a Central Oregon Trucking Co. in an amount in excess of $50,000.00, plus punitive damages, delay damages, costs of suit and such further and other relief as may be recoverable under applicable law.

**COUNT III**
**Robin D. Linderman v. Ty M. Hitman and**
**Central Oregon Truck Company, Inc., d/b/a**
**Central Oregon Trucking Co.**
**Loss of Consortium**

22.    The Plaintiff, Robin D. Linderman, incorporates by reference herein the averments contained in Paragraphs 1 through 21 of this document as though the same were set forth verbatim.

23.    At all times relevant and material hereto, Robin was the wife of Dennis.

24.    As a result of the aforesaid Collision and the negligence, carelessness and/or recklessness of the Defendants in causing the same, Robin has been deprived of the support, comfort, affection, services, companionship, society and connubial

11

relations with her husband, and may be deprived of the same for an indefinite period of time into the future, all of which is to her financial detriment and damage.

WHEREFORE, Plaintiff Robin D. Linderman demands judgment in her favor and against the Defendants Ty M. Hitman and Central Oregon Truck Company, Inc., d/b/a Central Oregon Trucking Co. in an amount in excess of $50,000.00, plus punitive damages, delay damages, costs of suit and such further and other relief as may be recoverable under applicable law.

KOZLOFF STOUDT

Peter F. Schuchman, Jr., Esquire
Attorney for Plaintiffs

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

12

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

## VERIFICATION

The undersigned, having read the attached Plaintiffs' Complaint, hereby verifies that the attached pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of the undersigned. The undersigned verifies that he has read the attached pleading and that it is true and correct to the best of his information and belief. To the extent that the contents of the pleading are that of counsel, the undersigned has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Dennis W. Linderman

Robin D. Linderman

13

Peter F. Schuchman, Jr., Esquire
Attorney ID# 69343
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA 19610
(610) 670-2591                          Attorney for Plaintiffs

| | |
|---|---|
| DENNIS W. LINDERMAN AND<br>ROBIN D. LINDERMAN, Husband and<br>Wife, | : IN THE COURT OF COMMON PLEAS<br>: OF BERKS  COUNTY, PENNSYLVANIA<br>: CIVIL ACTION – LAW |
|         Plaintiffs | : |
|         v. | : NO. 17-14369 |
| TY M. HITMAN and CENTRAL<br>OREGON TRUCK COMPANY, INC.,<br>d/b/a CENTRAL OREGON TRUCKING<br>CO., | :<br>:<br>: |
|         Defendants | : ASSIGNED TO:  JAMES M. LILLIS, J. |

## CERTIFICATE OF SERVICE

    I, Peter F. Schuchman, Jr., Esquire, attorney for Plaintiffs certify that on
9/11_____, 2017, a true and correct copy of the attached Complaint was served
upon the following party by first class mail, postage prepaid:

        Zachary Ballard, Esquire
        Salmon, Ricchezza, Singer & Turchi, LLP
        1601 Market Street
        Suite 2500
        Philadelphia, PA  19103

    This Certificate is made subject to the penalties of 18 Pa. C.S. Section 4904
relating to unsworn falsification to authorities.

                KOZLOFF STOUDT


                Peter F. Schuchman, Jr., Esquire
                Attorneys for Plaintiffs

Received County of Berks Prothonotary's Office on 09/11/2017 4:33 PM Prothonotary Docket No. 17-14369

# EXHIBIT B

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP
By:  Zachary Ballard, Esq. Attorney ID# 206177
     David J. Jones, Esq. Attorney ID# 322087
1601 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 606-6600
(215) 606-6601 Fax
zballard@srstlaw.com
djones@srstlaw.com

*Attorneys for Defendants, Ty M. Hitman
and Central Oregon Truck Company, Inc.
d/b/a Central Oregon Trucking Co.*

| | | |
|---|---|---|
| DENNIS W. LINDERMAN | : | COURT OF COMMON PLEAS |
| | : | BERKS COUNTY |
| and | : | |
| | : | |
| ROBIN D. LINDERMAN, H/W | : | NO.: 17-14369 |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| TY M. HITMAN | : | |
| | : | |
| and | : | |
| | : | |
| CENTRAL OREGON TRUCK COMPANY, | : | |
| INC. D/B/A CENTRAL OREGON | : | |
| TRUCKING CO. | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE OF REMOVAL</u>

TO THE PROTHONOTARY:

PLEASE TAKE NOTICE that Defendants, Ty M. Hitman and Central Oregon Truck

Company, Inc. d/b/a Central Oregon Trucking Co. (collectively "Defendants") have filed a

Notice of Removal in the Office of the Clerk of the United States District Court for the Eastern

District of Pennsylvania, regarding the above captioned matter.

In accordance with 28 U.S.C. § 1446, Defendants file herewith and attach a true and

correct copy of the Notice of Removal. A true and correct copy of Defendants' September 15,

2017 Notice of Removal to the United States District Court for the Eastern District of Pennsylvania is annexed hereto as **Exhibit "A."**

Respectfully submitted,

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP

By: _____

Zachary J. Ballard, Esquire

David J. Jones, Esquire

*Attorneys for Defendants, Ty M. Hitman and Central Oregon Truck Company, Inc. d/b/a Central Oregon Trucking Co.*

Dated:

## CERTIFICATE OF SERVICE

I, David J. Jones, Esquire, hereby certify that the foregoing Notice of Removal was served this date upon all counsel and parties listed below, by electronic filing and United States regular mail, postage prepaid.

Peter F. Schuchman, Jr., Esquire
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA 19610
pschuchman@kozloffstoudt.com
*Counsel for Plaintiffs*


**SALMON, RICCHEZZA, SINGER & TURCHI** LLP

By: _____

Zachary J. Ballard, Esquire
David J. Jones, Esquire
1601 Market Street – Suite 2500
Philadelphia, PA 19103
zballard@srstlaw.com
djones@srstlaw.com
*Attorneys for Defendants, Ty M. Hitman and Central Oregon Truck Company, Inc. d/b/a Central Oregon Trucking Co.*


Dated:

# EXHIBIT C

*209103-1*

**MICHAEL J. SMYCHYNSKY CONSULTING, LLC**
P.O. BOX 6616
WYOMISSING, PA  19610
610-670-6360
Fax (610) 670-9180
*Vocational Rehabilitation & Forensic Economic Consulting*

August 15, 2017

Kozloff Stoudt
c/o Peter Schuchman, Esq.
2640 Westview Drive
Wyomissing, PA 19610

> Re:   **Dennis Linderman**
>        **Date of Injury:  9/16/15**
>        **Date of Birth: 5/14/56**
>        **Your File No.: 209103-1**

Dear Mr. Schuchman:

At your request, I was asked to provide a Vocational Economic assessment of Dennis Linderman relative to a motor vehicle accident that occurred on September 16, 2015.  A Vocational Evaluation was held with Mr. Linderman on May 11, 2017, and the following records were reviewed for this evaluation:

1. Police Report;
2. Godiva wage loss documentation;
3. Disability and payroll records;
4. Social Security earnings statement;
5. Social Security Records and approval for benefits;
6. Medical index, summary, and records;
7. W2 and earnings records;
8. Narrative report of Steven Evans, DO;
9. July 24, 2017, report of Steven Evans, DO.

Please allow this report to serve as an initial analysis of Mr. Linderman's vocational-economic claim based on the records produced to date.  Supplements to this study will be offered as additional materials are provided.

By way of background and to illustrate my experience in providing assessment in the above captioned matter, I am a Certified Rehabilitation Counselor. I have undergraduate and graduate degrees from Penn State University in Rehabilitation with a focus in Vocational Rehabilitation, job placement, and vocational assessment.  For the past twenty

DENNIS W. LINDERMAN                    2

eight years my practice has concentrated on the evaluation of individuals following a
precipitating event which could include work injury, auto accident, employment status
change, marital dissolution, or any number of issues that would prompt a review of the
subject's work and educational history. I also customarily review medical records, assess
medical limitations, provide assessment of residual employability, and perform job search
and identification for subjects within their known employment market.

In addition, I hold a Master's degree in Business Administration from Penn State
University with an emphasis in Economics. As part of my practice I regularly assess the
earnings of available positions and the economic impact of changes in vocational status.
I have been accepted as both a vocational and as an economic expert qualified to provide
analysis of wages, benefits, past and future loss while analyzing economic conditions and
trends within the U.S. economy.

## BACKGROUND INFORMATION/ RECORD REVIEW:
According to file records, the police report, medical records, and the account offered
during our meeting, Dennis Linderman, currently a 61-year-old male, was involved in a
serious motor vehicle accident on September 16, 2015.  At the time of the incident, Mr.
Linderman was operating his passenger vehicle at the intersection of Route 61 and
Belleman's Church Road in Berks County Pennsylvania. He was proceeding through an
intersection when a tractor trailer ran a red light and impacted Mr. Linderman's vehicle.

Mr. Linderman was extricated from the vehicle and transported from the scene by
ambulance to St. Joseph's Medical Center.  After initial evaluation at St. Joseph's he was
transported to Hershey Medical Center for further treatment.  Mr. Linderman treated
extensively after the accident for cervical, upper extremity, and low back complaints.
Records from Dr. Steven Evans, Dr. Leonard D'Addesi, and Mountain River Physical
Therapy were reviewed. I will defer to those records for a more in depth accounting of
the care and treatment offered to Mr. Linderman following the accident.

Mr. Linderman was seen most recently by Dr. Steven Evans for low back pain with
radiating pain into both legs. This complaint was reported as getting worse since October
2016. He was also evaluated for cervical pain and sleep disturbance. Dennis Linderman
had a history of treatment for cervical complaints including prior surgical procedures;
however, at the time of the September 16, 2015, accident Mr. Linderman was working
and functioning in a full duty, unrestricted capacity.  It was the opinion of Dr. Steven
Evans that Mr. Linderman's current complaints and need for medical treatment were the
direct result of the accident of September 16, 2015. Dr. Evans offered opinion Mr.
Linderman could not return to his prior occupation as a truck driver and he completed a
form on May 23, 2016, restricting Mr. Evans from employment.

In a report dated July 24, 2017, Dr. Evans reported Mr. Linderman has not been released
to return to work following the accident and will likely need surgical treatment due to the
injuries incurred in the accident of September 16, 2015.

DENNIS W. LINDERMAN                    3

Records from Dr. Leonard D'Addesi document treatment for bilateral arm pain, hand weakness, atrophy of right hand muscles, and bilateral carpal tunnel syndrome. Physical therapy reports recorded bilateral shoulder pain, thoracic and lumbar pain and significant difficulty with reaching, lifting, and turning his head after the accident.

On July 11, 2016, Mr. Linderman was informed he had been determined to be disabled by the Social Security Administration effective March 2016.

At the time of the accident Mr. Linderman had been actively employed for many years with Godiva Chocolatier, Inc. (Godiva). He has not returned to work following the accident. He was most recently employed as a Truck Driver delivering Godiva products in the mid-Atlantic region. After the accident he received disability through the company prior to being deemed disabled by the SSA. It is vocationally notable that Mr. Linderman's position with Godiva was outsourced after his injury.  However, as he was physically unable to return to work, he was not afforded an opportunity to continue employment as a delivery driver or in any other position since the September 16, 2015, accident.

Wage and earnings records were reviewed in connection with Mr. Linderman's claim of loss. In fiscal 2014, the year prior to the accident, Dennis Linderman had W-2 documented earnings of $63,001. The Social Security Earning record noted Mr. Linderman had partial year earnings of $54,445 in 2015. As Mr. Linderman demonstrated similar earnings in past years, his 2014 earnings level has been utilized as a basis for analysis.

## VOCATIONAL EVALUATION:

On May 11, 2017, I met with and conducted a comprehensive Vocational Evaluation of Dennis Linderman.  Mr. Linderman presented as a now 61 year-old male who last worked on or about September 16, 2015.  He was 59 years of age at the time of the accident.

Dennis Linderman resides with his wife at their home in Mohrsville, Pennsylvania. As previously noted, Dennis Linderman had been employed by Godiva for many years. He started with the company in 1987 and initially worked in the "sanitation department." He described cleaning machines, extruders, and performing maintenance related functions on candy making and packaging equipment. After approximately one and one half years he started work on the shipping docks and became a "relief driver." He explained this involved packing orders, loading trucks, and this developed into a delivery position.

Most of Mr. Linderman's vocational history with Godiva was as a *Delivery Route Truck Driver* (906.683-022) as described by the United States Department of Labor's Dictionary of Occupational Titles.  Mr. Linderman operated a 24 to 26 foot box truck and made deliveries of confections to stores in Pennsylvania, New York, Maryland, Delaware, and Virginia. He loaded and unloaded trucks, transported items to customer locations, and documented deliveries.

DENNIS W. LINDERMAN                    4

Prior to his extended employment with Godiva, Mr. Linderman worked for eight years with the City of Reading in the Streets Department. He maintained streets, plowed snow, and assisted in construction and maintenance projects in the city. He also worked for a short time at Pearl Vision Center where he was training to cut lenses and manufacture eyeglasses.

Dennis Linderman is an honorably discharged veteran of the US Navy. He primarily did maintenance work on ships during his four year enlistment.

Educationally, Dennis Linderman is a 1974 graduate of the Central Catholic High School. He attended vocational- technical school for two years and studied auto body. He worked for a brief time after school and before joining the Navy at Reading Auto Body. He identified no aptitude deficits and he has basic computer usage exposure. Mr. Linderman added his computer usage is limited to internet search and he has not used a computer in a work setting.

In other areas covered during the Vocational Evaluation, Mr. Linderman is a licensed Pennsylvania driver, owns a vehicle, and he is able to drive.  He described daily activities to include taking his dog out in the morning and spending the day doing light chores around his home. As he was encouraged by his physician to remain active, he assists with maintaining his lawn, cooking, cleaning, grocery shopping, and similar tasks. He has not been able to pursue prior activities such as fishing, hunting, or more strenuous maintenance activities around his home due to discomfort in his low back, radiating leg pain, and limited upper extremity usage.

Mr. Linderman reported he has not been able to look for or apply for work due to continued medical treatment.  He also noted ongoing difficulty standing, walking, radiating pain in his legs, and continued usage of medications as factors that have limited his vocational activity since the accident.

Medically, Mr. Linderman continues to see Dr. Evans and has undergone a series of injections into his lumbar spine. He identified his low back pain as the primary issue at this time. He added that immediately after the accident he treated most aggressively for neck and shoulder discomfort but the low back has become his primary concern. He takes Tramadol and Hydrocodone for his continued complaints.  Mr. Linderman acknowledged prior to the accident he had received care for cervical complaints. However, since approximately 2012 he had worked without limitations or restrictions. Mr. Linderman was working full duty without restrictions in the years prior to the September 16, 2015, accident.

During our discussion Mr. Linderman discussed his "limited activity" at this time relative to his past level of function.  He described difficulty with sitting or remaining in a static position, difficulty with standing on hard surfaces, and a "tight feeling" in his back that restricts mobility. He makes a conscious effort not to lift due to pain and experiences discomfort with pulling or pushing activities.

DENNIS W. LINDERMAN                5

## METHODOLOGY:

For the purpose of this assessment, a Total Offset methodology consistent with the Kaczkowski v. Bolubasz (491 Pa.561, 421A.2d. 1027 (1980)) decision will be utilized. The Total Offset methodology utilizes the assumption that increases in wages due to inflation and inherent productivity would be offset by the discount rate used to reduce future earnings to present value. For that reason no additional assessment for productivity increase beyond the rate of inflation has been assessed.

Given his earnings history, Mr. Linderman's earnings in the year prior to the accident of September 16, 2015, have been utilized as a reasonable projection for future earnings. In addition to base earnings, analysis will also be offered for fringe benefits that would be reasonably available to Mr. Linderman as part of his employment package.

Utilizing data from the United States Department of Labor Bureau of Labor Statistics (Employer Cost for Employee Compensation, March 2017,) as well as information from Godiva, fringe benefit allotment has been assessed at 12% of earnings.  Although the cost of benefits to the employer is significantly higher, mandatory and discretionary benefits were separated to avoid double counting. Only retirement savings and insurance contributions made by Godiva have been included in this calculation.

For proper analysis of economic variance, assessment must be offered for Work Life Expectancy given Mr. Linderman's known demographic status and the medical opinions offered in this matter.  A variety of methodologies have been utilized in assessing Mr. Linderman's future labor market participation, including the Incremental/Decremental methodology, Conventional methodology (Life and Work Life Expectancies, Richards and Donaldson, 2010), Markov methodology (Skoog, Ciecka, and Krueger, 2011), and LPE methodology (New Work Life Expectancy Tables, 2010).

Utilizing an Incremental/Decremental methodology, at age 59, his age at the time of the accident in question, Mr. Linderman had a Work Life Expectancy of an additional 6.5 to 7.10 years given his level of education, occupation, and his status as "active" within the U.S. economy.

Utilizing a Conventional methodology, Mr. Linderman's Work Life Expectancies are reported at 6.5 to 7.2 additional years from age 59. Utilizing a Markov Process model, his Work Life Expectancy was recorded at 7.16 years.  Finally, utilizing an LPE method, as a non-disabled male within his occupational and educational groups, Mr. Linderman's Work Life Expectancy ranged from 6.7 to 7.4 additional years at age 59.

For the purpose of this analysis WLE has been calculated at 7.0 additional years from the date of incident. Wages have been calculated at $63,000 per year and employer sponsored fringe benefits at 12% of total income.

## ECONOMIC REVIEW/CALCULATIONS:

Dennis Linderman had earnings of $63,001 in 2014. From the earnings documents and employer records it appears his 2015 earnings would have met or possibly eclipsed 2014

DENNIS W. LINDERMAN                    6

levels if not for the accident in question.  Utilizing an earnings base of $63,000 per year, a Work Life Expectancy of an additional seven (7) years, and fringe benefits at 12% of earnings, assuming disability from employment as has been documented by Dr. Evans and the Social security Administration decision, vocational- economic loss that may be reasonably projected for Dennis Linderman would stand at $493,920.

| Annual Earnings | $63,000 |
|---|---|
| WLE x 7.0 years | $441,000 |
| + Fringe Benefits at 12% of earnings | $52,920 |
| **Total Loss:** | **$493,920** |

## CONCLUSIONS:

It is my opinion after reviewing records available and interviewing Dennis Linderman that he incurred economic loss as a result of the September 16, 2015, motor vehicle accident.  Medical opinion was offered by Dr. Steven Evans that Mr. Linderman remains unable to return to work as a Truck Driver/ Delivery Driver. A determination was also entered by the Social Security Administration that Dennis Linderman is disabled from employment.

If Dennis Linderman were unable to secure and maintain employment due to the injuries he incurred in the motor vehicle accident of September 16, 2015, he would experience significant economic loss attributed to the change in his vocational viability.  Under this analysis loss attributed to a change in Dennis Linderman's vocational activity may be reasonably projected at $493,920 as detailed within this report.

These opinions are provided within a reasonable degree of professional certainty.

Sincerely,

Michael J. Smychynsky,
MBA, MEd., CRC, IVE, RFP, NAFE